**Fei JIANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 03–40515.**

United States Court of Appeals, Second Circuit.

Nov. 9, 2005.

Gang Zhou, New York, NY, for Petitioner.

Karen J. King, Assistant United States Attorney (Donald W. Washington, United States Attorney for the Western District of Louisiana, on the brief), Lafeyette, LA, for Respondent.

Present: NEWMAN, WINTER, and SOTOMAYOR, Circuit Judges.

Petitioner Fei Jiang ("Jiang") petitions for review of a September 4, 2003 order of the BIA, affirming without opinion the result of a February 8, 2002 order of the Immigration Judge ("IJ") denying Jiang's application for asylum under 8 U.S.C. § 1158, statutory withholding of removal under 8 U.S.C. § 1231, and withholding of removal under the United Nations Convention Against Torture ("CAT") and its implementing regulations, 8 C.F.R. § 208.16(c). We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). In reviewing an IJ's denial of an asylum application, we defer to the IJ's factual findings if they are supported by "substantial evidence." Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks and citation omitted); see also 8 U.S.C. § 1252(b)(4)(B). "Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." Wu Biao Chen, 344 F.3d at 275 (quoting Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000)). This Court may reverse an IJ's determination that an applicant for asylum or withholding of removal has failed to satisfy the requisite burden of proof "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." Diallo, 232 F.3d at 287.

Jiang's claims for relief were based on his attempts to call attention to the village leader's alleged fraud in altering the results of a local election in his own favor. Substantial evidence supported the IJ's finding that Jiang "has not demonstrated that the police are seeking him out to persecut[e][him] for ... any characteristic or belief that he had, other than exposing election fraud." While "retaliation for opposition to government corruption may, in appropriate circumstances, constitute persecution on account of political opinion," Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 (2d Cir.2005), that opposition must be "directed toward a governing institution" and not merely "against individuals whose corruption was aberrational." Id. at 543 (internal quotation marks omitted). Jiang belonged to no organizations or political groups, and there is no evidence that he was an adherent of either candidate. In his affidavit, Jiang describes being "offended" and thinking that "those officials were cheating village people." The fact that Jiang went to the deputy to protest the fraud suggests that he expected redress from within the village hierarchy and therefore that he was opposing corruption he regarded as "aberrational." Nothing in the evidence compels the finding that Jiang's alleged persecutors understood his opposition to extend beyond a desire to expose a single instance of corruption by the village chief. See id. at 543 ("[T]he focus of the statute is on the victim's opinion (and whether the persecution is visited by reason of that opinion)." (internal quotation marks omitted; alteration in origi-

nal)). We therefore affirm the denial of asylum and statutory withholding of removal.[1] *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). Jiang does not seek review of the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.

---

1. Because the IJ's holding that Zhang failed to meet his burden of showing persecution on account of a statutorily protected ground was sufficient to support the denial of these claims, we do not need to address Jiang's challenges to the IJ's alternative holdings regarding Jiang's credibility and the possibility of internal relocation.

